IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41325
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EZEQUIEL ZAPATA-REYES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CR-315-1
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Ezequiel Zapata-Reyes ("Zapata") appeals the 41-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. For the first time on appeal, he contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b) was an element of the offense that should have been charged in the indictment.

Zapata acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). Zapata has failed to demonstrate error, plain or otherwise. Dabeit, 231 F.3d at 983-84. The judgment of the district court is AFFIRMED.